# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JAMES WYMER,**

    **Plaintiff,**

**VS.**                                          **Case No. 4:16cv155-RH/CAS**

**CAROLYN W. COLVIN, et al.,**

    **Defendants.**

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted a civil rights complaint, ECF No. 1, and a motion seeking leave to proceed in forma pauperis, ECF No. 2. Good cause having been shown, the motion is granted and the Clerk of Court shall file the complaint without requiring payment of the filing fee.

Plaintiff's complaint, ECF No. 1, has been reviewed. Plaintiff names four Defendants in Section II of the complaint form, ECF No. 1 at 2, all of whom are alleged to be employed by the Social Security Administration. Plaintiff generally complains that unidentified persons at the Social Security Administration have "illegally conspired to not" give Plaintiff his benefits. ECF No. 1 at 3. It is not clear which type of benefits Plaintiff contends he

should be receiving. Nevertheless, Plaintiff says that he was "treated like [he] was crazy," thrown out of the office, and unspecified employees hung up the phone on him. Id. Plaintiff says he is required to speak to a supervisor. He contends he is supposed to be receiving benefits, and now seeks 50 billion dollars. Id. at 4.

Plaintiff has not identified any specific act committed by any specific Defendant which shows a violation of his federal constitutional rights. It would appear from the allegations presented that employees have not treated Plaintiff with dignity or respect, but a complaint must do more than allege that Plaintiff's civil rights were violated because he was not treated in a civil manner. Plaintiff has not presented sufficient facts which demonstrate a basis to proceed with this case and, thus, the complaint fails to state a claim under 42 U.S.C. § 1983.

Additionally, Plaintiff does not allege sufficient facts to show a conspiracy under 18 U.S.C. § 241 because there is no private right of action under that criminal statute. Payne v. Allen, No. 2:08-CV-0296-WKW, 2008 WL 2326327, at *2 (M.D. Ala. June 3, 2008). Furthermore, if Plaintiff contends that he has received a decision from the Commissioner of Social Security which denies his application for benefits, Plaintiff should

file an appeal of that decision. However, a § 1983 civil rights action is not the proper vehicle to challenge the denial of social security benefits.[1]

Because the complaint fails to state a claim and no plausible claims are evident, further leave to amend is not required. This case should be summarily dismissed.

Accordingly, it is **ORDERED** that Plaintiff's motion seeking leave to proceed in forma pauperis, ECF No. 2, is **GRANTED**.

It is **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** because it is frivolous and fails to state a claim.

**IN CHAMBERS** at Tallahassee, Florida, on April 18, 2016.

   s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days of this Report and Recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[1] Plaintiff recently filed 14 cases, filing 11 cases on March 14 or 15, 2016, then 2 more cases on March 23, 2016, and one more case on March 25, 2016.

Case No. 4:16cv155-RH/CAS